**Denied and Opinion Filed October 3, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01119-CV

## IN RE RICHARD RALEY AND RALEY HOLDINGS, LLC, Relators

**Original Proceeding from the County Court at Law No. 2
Dallas County, Texas
Trial Court Cause No. CC-17-00390-B**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Whitehill
Opinion by Justice Whitehill

Relators' appeal of an adverse judgment is currently pending in this Court under cause number 05-18-00914-CV.  This original proceeding concerns post-judgment enforcement efforts.  On August 31, 2018, the real parties in interest obtained writs of garnishment on three accounts owned by relators.  Relators have now superseded the judgment by filing a cash deposit in lieu of bond.  The trial court issued a "Writ of Supersedeas" confirming that relators' cash deposit in lieu of bond is "adequate to supersede the judgment" and commanding that "all further proceedings under the aforesaid execution" be suspended.  In this original proceeding, relators seek a writ of mandamus directing the trial court to court to issue a writ of supersedeas "as necessary to dissolve the current Garnishments," to enjoin the real parties in interest from "prosecuting any third-party action or engaging in extra-judicial enforcement efforts," and to stay proceedings on the real parties in interest's motion for sanctions and application for turnover order, which are set for hearing on October 12, 2018.

To be entitled to mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Here, relators did not ask the trial court to dissolve the garnishments or stay the hearing on the motion for sanctions and application for turnover order. The trial court's "Writ of Supersedeas" provided relators with all of the relief they requested below. Based on the record before us, we conclude relators have not shown a clear abuse of discretion. Accordingly, we deny relators' petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

181119F.P05